UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| MARIO SALZA, | : |
| Plaintiff, | : |
| | : |
| v. | : Case No.: 3:07-CV-142 (PCD) |
| | : |
| NORWEGIAN CRUISE LINE, LTD., | : |
| Defendant. | : |

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On March 2, 2007, Defendant Norwegian Cruise Line, Ltd. ("NCL") moved pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on all of Plaintiff Mario Salza's claims [Doc. No. 10]. Plaintiff has not opposed this motion. Upon review of Defendant's motion and the applicable law, the Court hereby **grants** Defendant's motion.

**I.    BACKGROUND**

In the fall of 2004, Plaintiff Salza, a resident of Hartford, Connecticut, purchased a ticket through a travel agent for a cruise on the Norwegian Dawn, a cruise ship owned, operated, and maintained by Defendant NCL. (Compl. ¶¶ 1, 3-4.) NCL is a foreign company authorized to do business in the State of Connecticut, with a principal place of business in Miami, Florida. (Id. ¶ 2.) On or about December 19, 2004, Plaintiff boarded the Norwegian Dawn for a twelve-day Caribbean cruise. Eight days into the trip, on or about December 27, 2004, Plaintiff slipped and fell on the floor of the ship due to an accumulation of water and/or a wet slippery substance on the floor near the Blue Lagoon Restaurant. (Id. ¶ 6.) As a result of this fall, Plaintiff sustained numerous injuries, some of which are permanent in nature, all of which have caused and may continue to cause Plaintiff to incur medical treatments and expenditures as well as other damages. (Id. ¶¶ 8-12.)

Plaintiff filed this action against NCL in Connecticut Superior Court on December 18, 2006, alleging negligence on the part of NCL and/or its agents, servants, and employees, and served NCL with a Summons and Complaint on January 10, 2007. On January 25, 2007, NCL filed a Notice of Removal to this Court pursuant to 28 U.S.C. § 1446, and on March 2, 2007, it moved for summary judgment. Plaintiff has not responded to Defendant's motion.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). No genuine issue of material fact exists and summary judgment is therefore appropriate when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A material fact is one which "might affect the outcome of the suit under the governing law," and an issue is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Importantly, however, "[c]onclusory allegations will not suffice to create a genuine issue." Delaware & H.R. Co. v.Conrail, 902 F.2d 174, 178 (2d Cir. 1990).

The moving party bears the burden of establishing that summary judgment is appropriate, Anderson, 477 U.S. at 225. "A defendant need not prove a negative when it moves for summary judgment on an issue that the plaintiff must prove at trial. It need only point to an absence of proof on the plaintiff's part, and, at that point, plaintiff must 'designate specific facts showing that there is a genuine issue for trial.'" Parker v. Sony Pictures Entm't, Inc., 260 F.3d 100, 111

2

(2d Cir. 2001) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)); see also Gallo v. Prudential Residential Servs. Ltd. P'ship, 22 F.3d 1219, 1223-24 (2d Cir. 1994) ("The moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case."). Where, as here, the non-moving party "'chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.'" Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (quoting Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001)); see also D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006); Sloane v. Getz, 150 Fed.Appx. 86, 88 (2d Cir. 2005). Even unopposed motions for summary judgment must "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." D.H. Blair, 462 F.3d at 110 (quoting Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996)) (internal quotation marks omitted).

## III. DISCUSSION

Defendant NCL moves for summary judgment on the grounds that Plaintiff's claims for personal injuries sustained while he was a passenger aboard NCL's cruise ship are barred by a one-year contractual suit time limitation in his "Passenger Ticket Contract" booklet. Alternatively, Defendant argues that the Complaint should be dismissed based upon a forum selection clause in the ticket contract that mandates that all claims arising during the cruise must be brought exclusively in the U.S. District Court for the Southern District of Florida or, if that court does not have jurisdiction, in the state courts located in Miami-Dade County, Florida.

A passenger ticket contract is a maritime contract and is therefore governed by the

3

general maritime law of the United States. See, e.g., Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 590, 111 S.Ct. 1522 (1991); The Moses Taylor, 4 Wall. 411, 71 U.S. 411, 427 (1867); Lurie v. Norwegian Cruise Lines, Ltd., 305 F. Supp. 2d 352 , 356 (S.D.N.Y. 2004); Vavoules v. Kloster Cruise Ltd., 822 F. Supp. 979, 982 (E.D.N.Y. 1993) (compiling cases). Under maritime law, the passenger ticket contract governs the rights and liabilities between a passenger and a carrier. A carrier may impose a contractual limitation period if (1) the passenger is allowed at least one year from the date of injury to sue, see 46 U.S.C. § 183b(a),[1] and (2) the ticket reasonably communicates that restriction to the passenger. Vavoules, 822 F. Supp. at 981 (citing Spataro v. Kloster Cruise, Ltd., 894 F.2d 44 (2d Cir. 1990)); see also Marek v. Marpan Two, Inc., 817 F.2d 242, 245 (3d Cir.), cert. denied, 484 U.S. 842, 108 S.Ct. 155 (1987). Courts have rejected contractual time limitations "only in situations where the condition is 'camouflaged in Lilliputian print' or where the paragraph is 'so muddled or illegible as to be unenforceable.'" Vavoules, 822 F. Supp. at 981 (citations omitted). Passengers are bound as a matter of law to reasonably communicated terms of the passenger ticket contract, whether or not they actually read the contract provisions. Spataro, 894 F.2d at 46-47 ("It is settled law that travel agents are to be construed as agents of ticket purchaser, and passengers are accordingly charged with constructive knowledge of ticket terms and conditions while the tickets are in their agent's possession.").

---

[1] Section 183b provides in relevant part: "It shall be unlawful for the manager, agent, master, or owner of any sea-going vessel... transporting passengers... from or between ports of the United States and foreign ports to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of, or filing claims for loss of life or bodily injury, than six months, and for the institution of suits on such claims, than one year, such period for institution of suits to be computed from the day when the death or injury occurred." 46 U.S.C. § 183b(a).

The contractual time period contained in NCL's standard passenger ticket booklet satisfies the federal minimum period and should have sufficiently alerted Plaintiff Salza of his rights. The sample, standard ticket submitted into evidence by NCL is an 8-page contract, with several pages of promotional offers attached, resembling an airline ticket. (See Def.'s Mot. for Summ. J., Ex. A.) The second and third pages each bear a highlighted box containing the words: "IMPORTANT NOTICE. The Passenger's attention is specifically directed to the terms and conditions of this contract set forth within. These terms and conditions affect important legal rights and the passenger is advised to read them carefully." Another box at the top of the back of the third page contains the message: "IMPORTANT NOTICE: Passengers are advised to carefully read the terms and conditions of the Passenger Ticket Contract set forth below, which affect your legal rights and are binding. Acceptance or use of this Contract shall constitute the agreement of Passenger to these Terms and Conditions." (Id.) Twenty three contract provisions follow this notice, all clearly printed in readable black font against a white background. These warnings, easily legible, would have reasonably communicated the limitations of the contract to Plaintiff Salza and, in particular, clearly communicate that the contractual limitation period is one year. Paragraph 10 of the terms and conditions states:

> No suit, including without limitation suits brought in rem and in personam, shall be maintained against the Carrier for emotional or physical injury, illness, or death of passenger unless written notice of the claim with full particulars be delivered to the Carrier within six (6) months from the day when such injury, illness or death occurred; and in no event shall any suit be maintained unless commenced within one (1) year from the day when the injury, illness or death occurred, notwithstanding any provision of law of any state or country to the contrary.

(See Def.'s Mot. for Summ. J., Ex. A.) Like all other provisions in the passenger ticket booklet, this contractual time limitation was reasonably communicated to Plaintiff. Plaintiff, however,

5

clearly failed to bring this suit within the one-year contractual period. Plaintiff filed this action on December 18, 2006, nearly two years after his December 27, 2004 accident on the NCL ship. Accordingly, Plaintiff's claim is barred by the contractual limitations of the passenger ticket contract, and Defendant is therefore entitled to summary judgment.

Defendant also moves for summary judgment on the grounds that Plaintiff filed his suit in this Court in violation of the forum selection clause of the passenger ticket contract. Reasonable forum selection clauses in form contracts between passengers and cruise ship lines are generally permissible, subject to judicial scrutiny for fundamental fairness. Carnival Cruise Lines, 499 U.S. at 593, 595, 111 S.Ct. at 1527, 1528. Paragraph 22 of the terms and conditions contained in the NCL passenger ticket booklet states:

> It is hereby agreed that any and all claims, disputes or controversies whatsoever arising from, related to, or in connection with this Contract or the transportation furnished hereunder shall be commenced, filed, and litigated, if it all, before the Untied States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, USA, to the exclusion of the Courts of any other country, state, city or county.

(Def.'s Mot. for Summ. J., Ex. A.) As discussed above, this provision was reasonably communicated to Plaintiff, who has made no showing as to why the forum selection clause should be rendered unenforceable due to inconvenience. See Carnival Cruise Lines, 499 U.S. at 592, 111 S.Ct. at 1526 (citing The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 17, 92 S.Ct. 1907, 1917 (1972)). The forum selection clause is therefore valid and enforceable and governs Plaintiff's claims. Accordingly, the Court has the authority to either dismiss the case pursuant to its inherent power to decline jurisdiction or transfer the case to the district mandated by the clause. See Lurie, 305 F. Supp. 2d at 364. Because Plaintiff's claim is barred by the contractual

time limitation in the NCL passenger ticket, transferring the matter to the Southern District of Florida would be inefficient and futile. Summary judgment is therefore granted to Defendant on Plaintiff's claims.

## IV. CONCLUSION

Defendant's Motion for Summary Judgment [Doc. No. 10] is hereby **granted**. Judgment shall enter accordingly, and the Clerk shall close the case.

SO ORDERED.

Dated at New Haven, Connecticut, this 16th day of April, 2007.

/s/_____
Peter C. Dorsey, U.S. District Judge
United States District Court